UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 19-cv-02141-STV

ROYAL ROOFING, LLC

Plaintiff,

v.

CALIFORNIA CASUALTY INDEMNITY EXCHANGE

Defendant.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED UPON PLAINTIFF'S LACK OF PRIVITY AND STANDING AND ALTERNATIVELY FOR PARTIAL SUMMARY JUDGMENT BASED UPON STATUTORY TIME BAR AS TO CLAIMS OF BAD FAITH**

Defendant, The California Casualty Indemnity Exchange (hereinafter referred to as "California Casualty" or "Defendant"), by and through its counsel, Dewhirst & Dolven, LLC, hereby submits Defendant's Motion for Summary Judgment Based Upon Plaintiff's Lack of Privity and Standing and Alternatively for Partial Summary Judgment Based Upon Statutory Time Bar as to Claims of Bad Faith, as follows:

**CERTIFICATE OF CONFERRAL**

1.   Counsel has conferred with Plaintiff's counsel, David Roth, who has stated that Plaintiff opposes this Motion.

**PERTINENT HISTORY OF CASE**

2.   This action was first filed in Colorado State District Court on July 15, 2019, naming the wrong Defendant.  On July 30, 2019, Plaintiff filed an Amended Complaint in this Court,

naming the correct Defendant, after the case had been removed from State Court on the basis of diversity jurisdiction.

3. Plaintiff has asserted that a wind and hailstorm damaged the residence of Bette and Bruce Guinn on May 24, 2016. See paragraph 7 of Plaintiff's Amended Complaint.

4. Plaintiff has asserted that the homeowners/insureds, Bette and Bruce Guinn, assigned their claim against Defendant to Plaintiff, Royal Roofing LLC. See paragraph 8 of Plaintiff's Amended Complaint.

5. This purported assignment was never approved by Defendant, as required under the terms of the insureds' policy. There is no contract and no agreement between Plaintiff and Defendant.

6. In addition, Plaintiff asserted that on December 6, 2016, a demand for an appraisal was submitted (paragraph 13 of Plaintiff's Amended Complaint), an inspection by the appraisers was conducted on March 2, 2017 (paragraph 16 of Plaintiff's Amended Complaint), and that an appraisal award was signed April 12, 2017 (paragraph 18 of Plaintiff's Amended Complaint).

7. Defendant then issued payment to its insureds, Bette and Bruce Guinn, on June 16, 2017, based upon the appraisal award and the terms and conditions of the insurance policy, as set forth in the Affidavit of Marla Gordon, attached hereto as Exhibit A. There was no objection to the amount of the payment under the policy, which did not include monies for the cosmetic damage that was not covered under the policy. It is at this time, at the latest, that insureds' cause of action accrued and the statute of limitations began to run as to the claims now being asserted by Plaintiff.

8. In fact, the statute likely ran much earlier as to the bad faith claims herein, as the insureds were informed that cosmetic damage to their roof was excluded from coverage on July

25, 2016, as set forth in the letter sent to Bette Guinn advising that the policy provisions included a provision excluding cosmetic damage from coverage (Exhibit A-1, Section I, Exclusions).

## SUMMARY JUDGMENT STANDARD

8. Pursuant to F.R.C.P. 56(a), summary judgment is proper when the pleadings, affidavits, depositions and admissions show that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Civil Service Comm'n v. Pinder,* 812 P.2d 645, 649 (Colo. 1991); *Continental Air Lines v. Keenan,* 731 P.2d 708, 712 (Colo. 1987). "The purpose of summary judgment is 'to permit the parties to pierce the formal allegations of the pleadings and save the time and expense connected with a trial when, as a matter of law, based on undisputed facts, one party could not prevail.'" *A-1 Auto Repair & Detail, Inc. v. Bilunas-Hardy*, 93 P.3d 598, 603 (Colo. App. 2004) (citing *Mt. Emmons Mining Co. v. Town of Crested Butte*, 690 P.2d 231, 238 (Colo. 1984)).Summary judgment must be granted where no facts are in dispute and the opposing party cannot prevail as a matter of law. *Greenberg v. Perkins*, 845 P.2d 530, 531 (Colo. 1993).

## APPLICABLE LAW AND ARGUMENTS REGARDING INVALID ATTEMPTED ASSIGNMENT OF CLAIM TO PLAINTIFF AND PLAINTIFF'S RESULTING LACK OF PRIVITY AND STANDING TO ASSERT CLAIMS HEREIN.

9. It is not disputed that there is no contract or other agreement between Plaintiff and Defendant. In fact, in Plaintiff's discovery responses, attached hereto as Exhibit B, Plaintiff admitted that it had no contract with Defendant when it performed its work in this matter (see admission to Request for Admission number 3).

10. There was no valid assignment of the insureds' claim in this matter. As set forth in the insurance policy, attached to Exhibit A as Exhibit A-1, the terms of the applicable insurance policy stated:

> "Assignment of this policy will not be valid unless we give our written consent."

See Exhibit B, page 23 of 24, Sections I and II – Conditions, E. Assignment.

11, There was no consent given. See Exhibit A, Affidavit of Marla Gordon, paragraph 4. Any attempted assignment of the claim under the policy was not consented to and was not valid.

12. An insurance policy is a contract between the insurer and the insured(s). In interpreting the provisions of an insurance policy, a summary of a court's obligation is stated as follows:

> We construe an insurance policy's terms according to principles of contract interpretation. *Hecla Mining Co. v. New Hampshire Ins. Co.,* 811 P.2d 1083, 1090 (Colo.1991). In interpreting a contract, we seek to give effect to the intent and reasonable expectations of the parties. *Allen v. Pacheco,* 71 P.3d 375, 378 (Colo.2003). Accordingly, unless the parties intend otherwise, terms in an insurance policy should be assigned their plain and ordinary meaning. *Compass Ins. Co. v. City of Littleton,* 984 P.2d 606, 613 (Colo.1999). We also recognize that unlike a negotiated contract, an insurance policy is often imposed on a "take-it-or-leave-it" basis. *Huizar v. Allstate Ins. Co.,* 952 P.2d 342, 344 (Colo.1998). Therefore, we assume a "heightened responsibility" in reviewing insurance policy terms to ensure that they comply with "public policy and principles of fairness." *Id.* Accordingly, ambiguous terms in an insurance policy are construed against the insurer. *State Farm Mut. Auto. Ins. Co. v. Nissen,* 851 P.2d 165, 166 (Colo.1993).
>
> *Thompson v. Maryland Casualty Company*, 84 P.3d 496, 501-502 (Colo. 2004).

13.     There is nothing ambiguous in the previously cited policy provision that requires written consent for an assignment of the policy to be valid.  In the instant case, there was a complete failure to comply.  There is no evidence that there was even a request for written consent or any other attempt to comply with the policy provision.  The language of the policy is clear and as such, the attempted assignment of the insureds' claim herein must fail.  As a result, Plaintiff has no standing to enforce a policy to which it is not a party.

14.     Plaintiff admits that there was no contract between itself and Defendant.  There is no evidence of any direct contact between Plaintiff and Defendant.  Plaintiff and Defendant are legal strangers, such that there is no proper basis for Plaintiff's claims against Defendant herein.

## APPLICABLE LAW AND ARGUMENTS REGARDING DEFENDANT'S ASSERTION OF A STATUTE OF LIMITATIONS BAR TO CLAIMS OF BAD FAITH

15.     Breach of contract claims in Colorado are generally limited by a three-year statute of limitations.  C.R.S. § 13-80-101(1)(a).  Meanwhile, insurance bad faith claims have a two-year statute of limitations.  *Cork v. Sentry Ins.*, 194 P.3d 422, 427 (Colo. App. 2008), citing C.R.S. § 13-80-102. A claim of an insurer's bad faith has been held not to be a claim arising under an insurance policy. Rather, it has been held to exist independently from the liability of an insurance contract. Therefore, a claim of insurer bad faith is a tort claim.  *Emenyonu v. State Farm Fire & Cas. Co.*, 885 P.2d 320, 323 (Colo. App. 1994).

16.     Payment was issued to the insureds on June 16, 2017, at which time the insureds knew or should have known that the payment did not include monies for cosmetic damage.  The Complaint and Amended Complaint were filed on July 15 and July 30, 2019, respectively.  Both

filings were more than two years after payment of the monies to the insureds, which did not include the damages for cosmetic damage that Plaintiff is now seeking.

17.     A bad faith cause of action accrues when both the nature of the injury and its causes are known or should be known through the exercise of reasonable diligence. C.R.S. § 13–80–108(1); see, e.g., *Daugherty v. Allstate Ins. Co.*, 55 P.3d 224, 228 (Colo. App. 2002). It is the knowledge of the facts, not the knowledge of the law, that controls the accrual of a statute of limitations. See *Cahill v. American Family Mut. Ins. Co.* 610 F.3d 1235, 1240 (10th Cir. 2010).

18.     Plaintiff's Second Cause of Action within the Amended Complaint alleged a bad faith breach of insurance contract. Plaintiff's First Cause of Action alleged a breach of contract. The bad faith allegations included a failure to pay the full benefits and a failure to pay in a timely manner, as set forth in paragraph 32 of Plaintiff's Amended Complaint. The alleged failure to pay and failure to pay in a timely manner would have occurred, at the very latest, when the payments were made on June 16, 2017. As previously stated, the insureds were informed that cosmetic damage to their roof was excluded from coverage almost a year earlier, on July 25, 2016. When payment was issued to the insureds on June 16, 2017, after being advised that the payment would not include monies for cosmetic damage, this was the very latest date upon which the cause of action could have been deemed to accrued, and it reasonably could be argued that it accrued on July 25, 2016, when the insureds were advised that cosmetic damage was excluded from coverage. The Complaint and Amended Complaint were filed on July 15 and July 30, 2019, respectively. Both filings were more than two years after payment of the monies to the insureds, which did not include the damages for cosmetic damage that Plaintiff is now seeking.

19.     Non-motor vehicle tort actions are generally subject to a two-year limitation period, under C.R.S. § 13-80-102(1)(a).  Plaintiff's claims of bad faith and entitlement to statutory damages under C.R.S. §10-3-1115 and 1116, as set forth in Plaintiff's Amended Complaint, as Plaintiff's Second and Third Causes of Action, are barred by the statute of limitations, and there is no genuine issue of material fact, in that regard, such that summary judgment should now be entered in favor of Defendant on both of these causes of action.

WHEREFORE, Defendant, California Casualty Indemnity Exchange, seeks the entry of summary judgment in its favor and against Plaintiff, Royal Roofing LLC, dismissing all of the claims herein and also requesting alternatively, in the event all claims are not dismissed, that the Second and Third Causes of Action set forth in Plaintiff's Amended Complaint be dismissed, along with such other and further relief in Defendant's favor as the Court deems just and proper.

Respectfully submitted this 30th day of March, 2020.

*/s/ Miles M. Dewhirst*
Miles M. Dewhirst
Steven R. Helling
*DEWHIRST & DOLVEN, LLC*
650 S. Cherry Street, Suite 600
Denver, CO 80246
Telephone: 719-520-1421
Fax: 719-633-3387
mdewhirst@dewhirstdolven.com
shelling@dewhirstdolven.com
*Attorneys for Defendant California Casualty Indemnity Exchange*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of March, 2020, a true and correct copy of the above **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED UPON PLAINTIFF'S LACK OF PRIVITY AND STANDING AND ALTERNATIVELY FOR PARTIAL SUMMARY JUDGMENT BASED UPON STATUTORY TIME BAR AS TO CLAIMS OF BAD FAITH** was e-filed and e-served via CM/ECF which will send automatic notification of said filing to all active counsel of record.

David Roth
Jennifer A. Milne
Roth Milne
950 South Cherry Street, Suite 416
Denver, CO 80246                    _/s/ Laura Bursack_
                                    Laura Bursack, Paralegal
                                    Dewhirst & Dolven, LLC